# EXHIBIT 'A'

CIVIL COMPLAINT

MICHELE McPHEE v. PATRICK CANDELIERE

SUFFOLK SUPERIOR COURT
C.A. NO. 1884-CV-01769-D

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV1769-D

Michele McPhee, PLAINTIFF(S),

v.

Patrick Candeliere, DEFENDANT(S)

A TRUE COPY, ATTEST:

NORFOLK DEPUTY SHERIFF

Date: 8/7/18

### SUMMONS

THIS SUMMONS IS DIRECTED TO __Patrick Candeliere__ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, __Suffolk__ Court, 3 Pemberton Sq., Boston, MA 02108 (address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Patrick T. Jones, Esq., Jones Kelleher LLP, 21 Custom House St., Boston, MA 02110

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____August 3_____, 20 18 .

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.



COPY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                    SUPERIOR COURT

MICHELE MCPHEE,

    Plaintiff,

v.                                                                                       C.A. No.:

PATRICK CANDELIERE,

    Defendant.

## COMPLAINT AND JURY DEMAND

1. The Plaintiff, Michele McPhee ("McPhee"), is an individual who at all times relevant hereto resided in East Boston, County of Suffolk, Commonwealth of Massachusetts.

2. The Defendant, Massachusetts State Police Trooper Patrick Candeliere ("Candeliere"), is an individual who at all times relevant hereto resided in Weymouth, County of Norfolk, Commonwealth of Massachusetts. He is named in his individual capacity.

3. Candeliere was at all times relevant hereto a duly appointed Trooper of the Massachusetts State Police.

4. At all times relevant hereto, Candeliere acted in his capacity as a State Trooper.

5. At all times relevant hereto, Candeliere acted under color of law of the Commonwealth of Massachusetts.

6. This case arises out of tortious injuries caused by the Defendant through his conduct, misconduct, and failure to act as required by law and policy on or about June 11, 2015.

7. The Defendant acted negligently, grossly negligently, recklessly, and with deliberate indifference to Plaintiff's rights, including her constitutional rights, in his failure to properly carry out the duties and responsibilities entrusted to him and upon which the residents of the Commonwealth of Massachusetts depended.

8. The Defendant's conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution and the laws of the United States and of the Commonwealth of Massachusetts.

9. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983 *et al*, and M.G.L. c. 12 §§11H and 11I.

## MICHELE MCPHEE INCIDENT

10. On or about June 11, 2015, McPhee was operating her vehicle on Route I-93, northbound in or near South Boston, County of Suffolk, Commonwealth of Massachusetts.

11. At or around 1:00 a.m. on June 11, 2015, the Defendant, Candeliere, pulled McPhee over on I-93 northbound in or near South Boston, County of Suffolk, Commonwealth of Massachusetts.

12. After pulling McPhee over and speaking with her, Candeliere then instructed McPhee to operate her vehicle off of I-93 to an underpass further along the road.

13. McPhee followed these instructions and operated her vehicle as Candeliere directed.

14. Candeliere then approached McPhee again while she was in her vehicle.

15. Candeliere questioned McPhee such that McPhee felt uncomfortable and unsafe in Candeliere's presence, and she requested that a supervisor be called to the scene.

16. At all times relevant hereto, McPhee answered Candeliere's questions honestly and truthfully.

17. At all times relevant hereto, McPhee was fully cooperative with Candeliere.

18. Candeliere ordered McPhee to exit the vehicle, and McPhee again requested the presence of a supervisor for the remainder of the traffic stop.

19. Candeliere denied McPhee's request.

20. Candeliere then physically and forcibly removed McPhee from the vehicle in an aggressive manner and using excessive and unnecessary force.

21. After removing McPhee from the vehicle, Candeliere proceeded to physically assault McPhee, smashing her against the hood of her vehicle, such that she sustained personal injuries and began bleeding.

22. Candeliere called for backup and was joined by two other Officers, Boston Police Officer Kevin Coyne, and then State Police Sergeant William Fitzmaurice, to assist in the arrest of McPhee.

23. During McPhee's arrest, Candeliere continued to use excessive force by physically and violently assaulting McPhee, grabbing her arms, throwing her to the ground, and striking her head and face on the pavement, causing severe injury to her head and face. Candeliere physically and verbally overpowered McPhee.

2

24. Candeliere engaged in an unprovoked assault on McPhee by using excessive and unnecessary force, which the other officers on the scene failed and/or refused to prevent, intervene, or stop.

25. Candeliere acted intentionally, knowingly, willfully, and with deliberate indifference to McPhee's Constitutional rights and of her rights granted by the laws of the United States and by the Commonwealth of Massachusetts.

## LIABILITY

26. The Defendant, Candeliere, had an obligation to act reasonably in such a way as to not deprive the Plaintiff of any rights, privileges, or immunities secured by the Constitution and of her rights granted by the laws of the United States and by the Commonwealth of Massachusetts.

27. The Defendant, Candeliere, had an obligation not to use excessive, unreasonable, and unwarranted force on the Plaintiff.

28. The Defendant, Candeliere's use of force was unnecessary, unreasonable, excessive, and not required either to take McPhee into custody or to secure Candeliere's safety or the safety of others. As such, it constituted an unreasonable seizure of McPhee's person in violation of the Fourth Amendment to the United States Constitution.

29. The Defendant, Candeliere, wrongfully and illegally detained McPhee.

30. The Defendant, Candeliere's actions deprived the Plaintiff of her Fourteenth Amendment rights to life and liberty free from state deprivation absent due process of law.

31. The Defendant, Candeliere's actions wrongfully and illegally interfered with McPhee's exercise and enjoyment of rights secured by the Constitution and the laws of the United States, and rights secured by the Constitution and laws of the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 §§ 11I and 11H.

32. The Defendant, Candeliere's actions wrongfully and illegally, by threats, intimidation, and coercion, interfered with McPhee's exercise and enjoyment of rights secured by the Constitution and the laws of the United States, and rights secured by the Constitution and laws of the Commonwealth of Massachusetts, in violation of M.G.L. c. 12 §§ 11I and 11H.

33. As a direct and proximate result of the acts of the Defendant, McPhee suffered both physical and emotional harm, personal injuries, severe anxiety and depression, harassment, humiliation, fear, emotional distress, lost income, diminished earnings, and harm to her reputation.

Case 1:18-cv-11796   Document 1   Filed 08/22/18   Page 11 of 19

34. As a direct and proximate result of the acts of the Defendant, McPhee sustained personal injuries including but not limited to a concussion, facial injury, significant right eyebrow laceration, right eye periorbital trauma, requiring twenty-two stitches, a right abdominal contusion, and lacerations and contusions to her body.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
### (Michele McPhee v. Patrick Candeliere)

35. The Plaintiff repeats and incorporates by reference paragraphs 1 through 34 above.

36. At all times relevant hereto, the conduct of the Defendant was subject to 42 U.S.C. § 1983 and 1988, *et al*, as well as the Fourth and Fourteenth Amendments to the United States Constitution.

37. At all times relevant hereto, the Fourth Amendment to the United States Constitution guaranteed to the Plaintiff, Michele McPhee, a right to protection from unreasonable seizures of her person.

38. At all times relevant hereto, the Fourteenth Amendment to the United States Constitution guaranteed to the Plaintiff, Michele McPhee, a right to life and liberty free from state deprivation absent due process of law.

39. On or about June 11, 2015, the Defendant, Candeliere, acting under color of law, deprived the Plaintiff of rights secured by the Constitution or laws of the United States.

40. The actions and omissions of the Defendant, as alleged herein and as committed under color of state law, deprived Michele McPhee of her rights secured by the Fourth and Fourteenth Amendments, thereby giving rise to liability under 42 U.S.C. § 1983.

41. As a direct and proximate result of the Defendant's acts, McPhee suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation, and suffered other damages, monetary and otherwise.

42. This is an action pursuant to 42 U.S.C § 1983 for conduct which occurred on or about June 11, 2015 by the Defendant, Patrick Candeliere.

43. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to attorneys' fees and costs, including expert fees, incurred in bringing the claims alleged in this count.

## COUNT II
## VIOLATION OF M.G.L. c. 12 §§11I and 11H
### (Michele McPhee v. Patrick Candeliere)

44. The Plaintiff repeats and incorporates by reference paragraphs 1 through 43 above.

45. At all times relevant hereto, the conduct of the Defendant was subject to the laws of the Commonwealth of Massachusetts, including without limitation M.G.L. c. 12 §§111 and 11H, provisions of the Massachusetts Civil Rights Act.

46. At all times relevant hereto, the Massachusetts Civil Rights Act, including without limitation M.G.L. c. 12 §§111 and 11H, guaranteed to the Plaintiff, Michele McPhee, a right to exercise and enjoy the rights secured by the Constitution and the laws of the United States, and the Constitution and the laws of the Commonwealth of Massachusetts without wrongful interference by way of threat, intimidation, or coercion.

47. On or about June 11, 2015, the Defendant, Candeliere, deprived the Plaintiff of rights secured by the Constitution and the laws of the United States, and the Constitution and the laws of the Commonwealth of Massachusetts.

48. The actions and omissions of the Defendant, as alleged herein, deprived Michele McPhee of her rights, thereby giving rise to liability under M.G.L. c. 12 §§111 and 11H.

49. As a direct and proximate result of the Defendant's acts, McPhee suffered physical injury and pain and suffering, suffered great anxiety and strain, was caused great emotional distress, was subject to great humiliation, and suffered other damages, monetary and otherwise.

50. This is an action pursuant to M.G.L. c. 12 §§111 and 11H for conduct which occurred on or about June 11, 2015 by the Defendant, Patrick Candeliere.

51. Pursuant to M.G.L. c. 12 §111, Plaintiff is entitled to compensatory damages, attorneys' fees and costs, including expert fees, incurred in bringing the claims alleged in this count.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, Michele McPhee, requests that this Court:

A. Order the Defendant to cease prospective wrongful conduct;

B. Order judgment for compensatory damages in the Plaintiff's favor in an amount sufficient to compensate her for her injuries, damages, and losses to the greatest extent permitted in equity and law;

C. Order punitive damages, where applicable, to the Plaintiff;

D. Order such payments to the Plaintiff of interest, costs, and her attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 and any other statute or common law theory of recovery applicable to the facts of this case;

5

E. Order such payments to Plaintiff of interest, costs, and her attorneys' fees pursuant to M.G.L. c. 12 §11I and any other statute or common law theory recovery applicable to the facts of this case; and,

F. Any other relief as this Court deems just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS COMPLAINT.

The Plaintiff,
Michele McPhee,
By her attorneys,

/s/ Patrick T. Jones
Patrick T. Jones, BBO# 253960
pjones@joneskell.com
Robert A. DeLello, BBO# 634475
rdelello@joneskell.com
Erin K. Thurston, BBO #689736
ethurston@joneskell.com
JONES KELLEHER LLP
21 Custom House Street
Boston, MA 02110
Tel: 617-737-3100
Fax: 617-737-3113

DATED: 6-7-18

6

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|---|
| **PLAINTIFF(S)** Michele McPhee | | **DEFENDANT(S)** Patrick Candeliere | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Patrick T. Jones (253960) & Robert A. DeLello (634475), Jones Kelleher LLP, 21 Custom House Street, Boston, MA 02110  617.737.3100 | | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
- X 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97 and 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (M.R.C.P 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other Tortious Action | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date: ........................................................... Approx. $10,000+
  1. Total hospital expenses ........................................................................... Approx. $12,000+
  2. Total Doctor expenses ............................................................................ $
  3. Total chiropractic expenses ..................................................................... $
  4. Total physical therapy expenses ............................................................. $
  5. Total other expenses (describe) Ambulance .......................................... Subtotal $22,000+

B. Documented lost wages and compensation to date ................................. In excess of $300,000+
C. Documented property damages to date ......................................................... $
D. Reasonably anticipated future medical and hospital expenses .................... $Unknown
E. Reasonably anticipated lost wages ............................................................... $Unknown
F. Other documented items of damages (describe) ........................................... $Jury Determination

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Please see attached addendum.

TOTALS Jury Determination

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detail description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature: Patrick Jones]_  Date: 6/7/18

## MICHELE MCPHEE v. PATRICK CANDELIERE
### Addendum to Civil Action Cover Sheet, Paragraph G

As a direct and proximate result of the acts of the Defendant, McPhee suffered both physical and emotional harm, personal injuries, severe anxiety and depression, harassment, humiliation, fear, emotional distress, lost income, diminished earnings, and harm to her reputation.

As a direct and proximate result of the acts of the Defendant, McPhee sustained personal injuries including but not limited to a concussion, facial injury, significant right eyebrow laceration, right eye periorbital trauma, requiring twenty-two stitches, a right abdominal contusion, and lacerations and contusions to her body.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>1884CV01769 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME<br>Michele McPhee vs. Patrick Candeliere | | Michael Joseph Donovan, Clerk of Court |
| TO | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/05/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 10/05/2018 | |
| All motions under MRCP 12, 19, and 20 | 10/05/2018 | 11/05/2018 | 12/04/2018 |
| All motions under MRCP 15 | 10/05/2018 | 11/05/2018 | 12/04/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 04/03/2019 | | |
| All motions under MRCP 56 | 05/03/2019 | 06/03/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/30/2019 |
| Case shall be resolved and judgment shall issue by | | | 06/08/2020 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED<br>06/07/2018 | ASSISTANT CLERK<br>Jane M Mahon | PHONE<br>(617)788-8175 |
|---|---|---|

SCV026\ 11/2014

Date/Time Printed 06-07-2018 15:24:49

## EXHIBIT B

NOTICE TO SUFFOLK SUPERIOR COURT
OF REMOVAL TO UNITED STATES DISTRICT COURT

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
NO. 1884CV01769-D

MICHELE McPHEE
Plaintiff

v.

PATRICK CANDELIERE
Defendant

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Please take notice that on this date the defendant Patrick Candeliere filed with the Clerk of the Suffolk County (Massachusetts) Superior Court a true and correct copy of the Notice of Removal which was filed in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal is attached hereto as Exhibit "A".

James J. Cipoletta
MA Bar No. 084260
Citizens Bank Building
385 Broadway - Suite 307
Revere, Massachusetts 02151
Telephone 781.289.7777

Dated: August 22, 2018

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Notice of Removal upon plaintiff's counsel, Patrick T. Jones, Esq. - Jones Kelleher LLP - 21 Custom House Street, Boston, MA 02110 via first class mail on this 22 day of August 2018.

James J. Cipoletta